IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROL ROYE,

      Plaintiff,               CIV S-04-2192 DFL KJM PS

     v.

FAIR ISAAC AND COMPANY, et al.,     <u>ORDER AND</u>

      Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      Defendant Landsafe's motion to dismiss came on regularly for hearing October 12, 2005. Plaintiff appeared in propria persona. David Brooks appeared telephonically for defendant Landsafe. No appearances were made for the remaining defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

      This action arises out of problems plaintiff has encountered with her credit score for purposes of obtaining a mortgage. Plaintiff names numerous defendants. Defendant Providian National Bank has filed an answer. Defendant Landsafe moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The remaining defendants have not been timely served.

/////

Defendant Landsafe moves to dismiss on the grounds there are no charging allegations against this defendant in the complaint. The only allegations in the complaint regarding defendant Landsafe is that Landsafe contends it did not receive inquiries from other named defendants and that Landsafe's credit score may have been tampered with. Although there is a private right of action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u, the allegations set forth by plaintiff do not constitute a claim upon which relief may be granted. See generally Nelson v. Chase Manhattan Mortgage Group, 282 F.3d 1057 (9th Cir. 2002). Plaintiff's belated opposition -- filed the day of the hearing, more than two months after opposition was originally due, and a month after the date to which the court granted an extension of time to file opposition -- falls short of setting forth any cognizable claim against this defendant.[1] Although plaintiff claims she wants to file an amended complaint, she submits no proposed amended complaint and does not set forth in her opposition what claims she would bring against this defendant. For these reasons, defendant Landsafe's motion to dismiss should be granted.

As provided by Federal Rule of Civil Procedure 4(m), the court may dismiss an action where service of summons is not made within 120 days after the filing of the complaint. In the order setting status conference, filed October 15, 2004, plaintiff was cautioned that this action may be dismissed if service was not timely completed. This action was filed September 20, 2004. On March 2, 2005 a status conference was held at which plaintiff did not appear. The court indicated on the record that dismissal would be recommended for failure to prosecute. Plaintiff then requested that the case continue and on April 7, 2005, the court directed plaintiff to

---

[1] Plaintiff filed additional documents in opposition to the pending motion to dismiss on October 13, 14, and 19, 2005. Plaintiff requests this court consider the belated opposition and the court has done so. With respect to plaintiff's contention that she may amend the complaint as a matter of right, an answer was filed by defendant Providian on June 29, 2005. Plaintiff may amend her complaint, therefore, only by noticed motion or stipulation of the adverse party. Fed. R. Civ. P. 15(a). The remaining contentions raised in plaintiff's supplemental opposition still fail to raise a cognizable claim against defendant Landsafe.

complete service of process within thirty days. On June 1, 2005, another status conference was held and the court directed plaintiff to file proofs of service of summons within ten days. On June 9, 2005, plaintiff filed copies of requests for waivers of service of summons. However, no waivers of service were filed. The only defendants responding to the complaint are defendant Providian, which has filed an answer, and defendant Landsafe, which filed the pending motion to dismiss. Despite the fact this case was filed over a year ago, plaintiff still has not properly served the remaining defendants with summons, despite repeated admonitions from the court to do so. The court therefore will recommend that the nonserved defendants be dismissed under Rule 4(m).

Subsequent to the hearing on the motion to dismiss, plaintiff filed a request to proceed in forma pauperis. Plaintiff already has paid the filing fee. Moreover, plaintiff has made an inadequate showing of indigency given the assets she identifies in her application. See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993). The request to proceed in forma pauperis therefore will be denied.

Plaintiff also requests PACER access. Plaintiff can access PACER by setting up an account and paying the appropriate fees through the website address provided on the District Court's website. Permission of the court is not necessary for such access. To the extent plaintiff is requesting the ability to register for electronic filing through the court's CM/ECF system, plaintiff has not shown sufficient cause to grant such a request, as she has not shown any impediment to her timely filing of documents by mail.

Accordingly, IT IS HEREBY ORDERED that:

1. This matter is set for status conference on November 16, 2005 at 10:00 a.m. before the undersigned. The parties shall file status reports one week prior to the hearing. Defendant Landsafe need not file a status report or appear at the conference; and

2. Plaintiff's request to proceed in forma pauperis is denied.

/////

IT IS HEREBY RECOMMENDED that:

1. Defendant Landsafe's motion to dismiss be granted; and

2. All defendants except for defendant Providian National Bank be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 26, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
roye.oah